# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex rel. ANTONIO MCDONALD, ) | |
| ) | No. 04 C 3684 |
| vs. ) | |
| ) | Judge Wayne R. Andersen |
| CHARLES HINSLEY, Warden. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the petition of Antonio McDonald for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, we deny the petition for habeas corpus.

### BACKGROUND

Petitioner Antonio McDonald was convicted on October 21, 1999 in the Circuit Court of Cook Country on one count of first degree murder and two counts of armed robbery. The court sentenced McDonald to consecutive sentences of 60 years imprisonment for murder and 30 years imprisonment for armed robbery. McDonald appealed his conviction to the Illinois Appellate Court arguing that the trial court erred in sentencing him to consecutive prison terms and that his sentence was excessive given the circumstances and his rehabilitative potential. The Illinois Appellate Court affirmed the conviction and term of McDonald's sentences but modified the sentences to be served concurrently. McDonald did not file a petition for leave to appeal these issues to the Illinois Supreme Court.

McDonald then filed a *pro se* post-conviction relief petition alleging that: (1) he was not proven guilty beyond a reasonable doubt; (2) trial counsel provided ineffective assistance by failing to file a motion to quash McDonald's arrest based on lack of

probable cause; (3) trial counsel provided ineffective assistance for failing to file a motion to quash certain witness testimony identifying McDonald as the murderer; and (4) appellate counsel provided ineffective assistance for failure to argue on direct appeal trial counsel's ineffective assistance. On November 16, 2001, the Circuit Court denied McDonald's petition, and he appealed. On June 4, 2003, the Illinois Appellate Court affirmed the Circuit Court's decision and denied McDonald's petition for post-conviction relief. McDonald then filed a petition for leave to appeal to the Illinois Supreme Court. On December 26, 2003, the Illinois Supreme Court denied this petition.

On May 27, 2004, McDonald filed a petition for writ of habeas corpus with this court asserting two claims based on ineffective assistance of trial counsel and one claim for ineffective assistance of appellate counsel.

## DISCUSSION

Pursuant to the Antiterrorism Effective Death Penalty Act ("AEDPA"), a person in custody pursuant to "the judgment of a State court," who believes he is being held in violation of the Constitution, federal law, or treatise of the United States, may seek relief by presenting his claims in a petition for writ of habeas corpus. 28 U.S.C. § 2254(a). The federal courts may not grant habeas relief under section 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before a federal court may review the merits of a habeas petition, a petitioner must exhaust all remedies in state court and fairly present any federal claims in state court first, or risk procedural default. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). A petitioner exhausts his state court remedies by "either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1995).

In this case, exhaustion is not an issue. Respondent Charles Hinsley concedes that McDonald has exhausted his state court remedies for purposes of federal habeas review because he has no further avenues in state court through which to challenge his conviction. We now turn to the issue of procedural default.

I.  **Procedural Default of Ineffective Assistance of Trial Counsel Claims**

The procedural default hurdle forbids federal courts from addressing claims that were not fairly presented to the state court. *See Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs when a petitioner fails to present a claim to the state court at the time, and in the way, required by the state. *See Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996).

In this case, McDonald has procedurally defaulted his two ineffective assistance of trial counsel claims because he failed to comply with state procedural requirements. *See People v. McDonald*, No. 1-02-0094 (2003), at 5-8. In Illinois, a post-conviction relief petition is required to include "affidavits, records, or other evidence supporting its allegations or shall state why the same is not attached." 725 ILCS 5/122-2. In particular, an ineffectiveness claim involving counsel's decision not to call a witness must be

supported by an affidavit from the proposed witness detailing what that witness's testimony would have been if called to testify at trial. *See People v. Enis*, 194 Ill.2d 361, 380, 743 N.E.2d 1, 13 (2000).

In his first claim for ineffective assistance of trial counsel, McDonald alleges that counsel should have filed a motion to quash McDonald's arrest based on lack of probable cause. Specifically, McDonald alleges that the testimony of a purported witness would have shown that the police lacked probable cause to arrest McDonald. However, McDonald, in presenting this claim to the state courts, did not include any affidavits from this witness. Furthermore, McDonald did not provide any explanation for his failure to attach the necessary affidavits. Therefore, the state courts rejected McDonald's first claim of ineffective assistance of trial counsel because he failed to comply with Illinois procedural requirements governing post-conviction relief. *See McDonald*, No. 1-02-0094, at 5.

The state courts also rejected McDonald's second claim for ineffective assistance of trial counsel on similar procedural grounds. In his second allegation, McDonald alleges that counsel was ineffective for failing to file a motion to quash certain witness testimony identifying McDonald as the murderer. While McDonald did attach police reports to support his petition, the state courts did not consider this procedurally sufficient. *See McDonald*, No. 1-02-0094, at 6. "Police reports are nonverbatim accounts by officers of what other individuals have told them, not sworn affidavits of the witnesses themselves, and thus are not sufficient to support a claim of ineffective assistance of counsel." *Id.* Furthermore, McDonald did not attach or cite any other evidence that would

4

warrant a review of his second allegation. *Id.* Thus, the state courts rejected McDonald's second claim on procedural grounds.

Since McDonald failed to comply with Illinois procedural requirements, this court is barred from reviewing his habeas claims if the state courts rejected these same claims on state grounds that are both independent of the federal issue presented by the claims and "adequate to support the judgment." *Franklin v. Gilmore*, 188 F.3d 877, 881 (7th Cir. 1999). Such state grounds are adequate when they "rest upon firmly established and regularly followed state practice." *Id.* at 882.

McDonald has alleged two claims for ineffective assistance of trial counsel. However, the state courts refused to even examine these claims because McDonald did not attach or cite sufficient evidence. *See McDonald*, No. 1-02-0094, at 4-7. These procedural requirements are independent of whether McDonald was denied effective assistance of counsel. Furthermore, these procedural requirements are adequate to support the state court judgment because these requirements are codified and regularly enforced. *See* 725 ILCS 5/122-2. "Illinois courts routinely dismiss claims for post conviction relief that lack support in the record or supporting affidavits for the proposition that the petitioner's constitutional rights have been violated." *Spreitzer v. Peters*, 219 F.3d 639, 647 (7th Cir. 2000).

Since McDonald failed to survive procedural default, this court may only consider the merits of his petition if he can show adequate cause to excuse his failure to raise his claims in state court and actual prejudice resulting from the default. *See Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991). However, McDonald has not alleged any cause or prejudice for failing to comply with Illinois procedural requirements. Furthermore,

5

McDonald has not alleged that a "gross miscarriage of justice" would result if this court declined to review his procedurally defaulted claims. Therefore, this court rejects McDonald's two ineffective assistance of trial counsel claims because we are barred from reviewing claims that have been procedurally defaulted.

## II. Merits of Ineffective Assistance of Appellate Counsel Claim

This court, however, will examine the merits of his third allegation for ineffective assistance of appellate counsel because the state courts adjudicated the merits of this claim. McDonald alleges that his appellate counsel was ineffective because on direct appeal he did not argue that McDonald's trial counsel was ineffective for failing to file a motion to quash McDonald's arrest and file a motion to suppress certain witness testimony. Under the AEDPA, a federal court must deny habeas relief unless the merits decision by the state reviewing court is either "contrary to" or employs an "unreasonable application of" United States Supreme Court precedent, or was premised on an unreasonable determination of facts. 28 U.S.C. § 2254(d)(1)-(2).

A defendant who alleges ineffective assistance of appellate counsel must show that the failure to raise a specific issue was "objectively unreasonable" and that the counsel's decision prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Furthermore, appellate counsel is not required to address every conceivable issue on appeal. *See Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000).

First, this court finds that the Illinois Appellate Court correctly cited the applicable standard from *Strickland*. *See McDonald*, No. 1-02-0094, at 7 (citing Illinois

6

Supreme Court precedence that correctly cites *Strickland*). Second, this court finds that the Illinois Appellate Court reasonably applied this standard. Appellate counsel has only rendered ineffective assistance if he "fails to raise issues that are (1) obvious, and (2) clearly stronger than the ones raised." *Kelly v. United States*, 29 F.3d, 1107, 1122 (7th Cir. 1994).

McDonald's appellate counsel raised two issues on direct appeal, and as a result, the Illinois Appellate Court effectively reduced McDonald's sentence from 90 years imprisonment to 60 years imprisonment. McDonald, however, claims that his appellate counsel also should have asserted a claim based on ineffective assistance of trial counsel. McDonald claims, amongst other things, that trial counsel provided ineffective assistance because he should have filed a motion to quash McDonald's arrest based on lack of probable cause. The trial court found that McDonald committed murder and armed robbery after a dice game between McDonald and the victim. However, McDonald claims that he and the victim are members of opposing gangs and that it is highly improbable that they would play dice together. Therefore, McDonald alleges that the police lacked probable cause to arrest him and his trial counsel should have filed a motion to quash the arrest.

Trial counsel is not required to investigate every evidentiary possibility before choosing a defense. *See Rutledge v. United States*, 230 F.3d 1041, 1050 (7th Cir. 2000). As the Illinois Appellate Court correctly noted, "[a] review of the defendant's allegations show that they involve the type of inconsistencies that are ordinarily left to the trier of fact in assessing the credibility of witnesses." *McDonald*, No. 1-02-0094, at 8. Thus, appellate counsel's decision to not assert a claim for ineffective assistance of trial counsel

was not objectively unreasonable. In fact, McDonald's appellate counsel appears quite competent as he successfully argued that McDonald's prison sentence should be effectively reduced by 33 percent. Therefore, this court finds that the state court reasonably applied federal law in determining that McDonald has not sufficiently alleged ineffective assistance of appellate counsel.

Furthermore, McDonald does not establish how the state court's determination was based on an unreasonable determination of facts given the record evidence. A petitioner contesting findings of fact bears the burden of rebutting this presumption of correctness with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). McDonald has simply not done this. Therefore, this court rejects McDonald's third claim of ineffective assistance of appellate counsel because the state courts correctly cited and reasonably applied federal law as interpreted by the United States Supreme Court.

## CONCLUSION

For the foregoing reasons, McDonald's petition for writ of habeas corpus is denied.

Wayne R. Andersen
United States District Judge

Dated: August 24, 2005